**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARILYN BENJAMIN,

      Plaintiff,

v.

DEBT FREEDOM ATTORNEYS, PLLC,

      Defendant.

Case No.

## COMPLAINT

**NOW COMES** MARILYN BENJAMIN ("Plaintiff"), by and through her undersigned counsel, complaining of DEBT FREEDOM ATTORNEYS, PLLC ("Defendant"), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action redress for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq., the Illinois Credit Services Organization Act ("ICSOA"), pursuant to 815 ILCS 605/1 et seq., the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), pursuant to 815 ILCS 505/1, the Illinois Debt Settlement Consumer Protection Act ("IDSCA"), pursuant to 225 ILCS 429, fraud, negligent misrepresentation, breach of contract, breach of fiduciary duty, and legal malpractice.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

5.     Plaintiff is a natural person and consumer, over 18 years-of-age, residing in Chicago, Illinois.

6.     Defendant is a law firm that claims to help consumers resolve their consumer debt. Defendant is a limited liability company located at 55 Old Turnpike Rd, Suite 301, Nanuet, New York 10954.

## FACTUAL ALLEGATIONS

7.     In 2025, Plaintiff had a number of debts which were impacting her credit, prompting her to begin looking for companies who may be able to assist her in improving her overall credit rating and resolving her obligations.

8.     Subsequently thereafter, Plaintiff discovered Defendant through its representation that it could help consumers resolve their financial obligations by negotiating with creditors to reduce their outstanding debts and improving their credit.

9.     Prior to enrollment Plaintiff spoke with Defendant and Defendant's agent represented to Plaintiff that it would be able to (1) resolve Plaintiff's financial obligations within eighteen months by negotiating with Plaintiff's creditors and the credit bureaus; and (2) improve Plaintiff's credit scores, history, and/or reports.

10.     Defendant further represented to Plaintiff that all she would need to do is stop making payments to creditors and instead make monthly payments to Defendant over a certain

period of time and that Defendant would utilize the payments to resolve Plaintiff's enrolled debts using Defendant's best efforts.

11. On May 29, 2024, having relied on Defendant's representations, Plaintiff formally enrolled various debts into Defendant's debt consolidation programs by entering into a contract with Defendant.

12. The agreement between the parties describes Defendant as a law firm specializing in debt resolution.

13. Under the terms of their agreement Plaintiff authorized Defendant to communicate with all necessary persons and take all necessary actions to resolve her debts.

14. Plaintiff authorized Defendant to communicate with her creditors and/or debt collectors and to communicate with credit bureaus on her behalf.

15. Plaintiff also authorized Defendant to negotiate debts/accounts with creditors and/or debt collectors.

16. Defendant is obligated by the agreement to communicate with creditors and credit bureaus on Plaintiff's behalf to invalidate debts.

17. Defendant also agrees to investigate Plaintiff's delinquent accounts to determine the most effective method for invalidating debts or otherwise removing legal liability for such debts.

18. The terms of the agreement required Plaintiff not to engage in debt resolution discussions with any creditors or collection agencies and instead to refer any discussions to Defendant.

19. Plaintiff also agrees to timely and fully pay all debt modification settlements negotiated by the Defendant.

20.     Plaintiff enrolled a total debt amount of approximately $5,444.

21.     Pursuant to the contract, Plaintiff was obligated to make monthly payments of $252.94 to Defendant.

22.     Plaintiff proceeded to make her monthly payments to Defendant in a timely manner and remained current as of the date of this filing.

23.     Defendant failed to resolve Plaintiff's debts using its best efforts as Defendant represented it would.

24.     Despite Defendant's representations, Plaintiff's credit score did not improve; rather, Plaintiff later learned that her credit scores had declined and that the program would negatively affect her credit.

25.     Plaintiff signed up for Defendant's debt resolution and credit improvement services based on its representations that it would negotiate and resolve her outstanding debts and remove settled or inacurate accounts from her consumer credit reports.

26.     Throughout its dealings with Plaintiff, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's debt resolution program.

27.     Defendant chronically failed to engage the vast majority of Plaintiff's creditors in settlement discussions, which resulted in Plaintiff's creditors hounding her for payments. Plaintiff received collection letters and phone calls from creditors despite being told Defendant would handle all communication.

28.     Despite Plaintiff's account being well-funded and Defendant's representations that her debts would be resolved within 18 months, Defendant failed to meaningfully resolve Plaintiff's debts or improve Plaintiff's credit score.

29.     Plaintiff suffered significant damages as a result of Defendant's misrepresentations and omissions, including: financial losses, emotional distress, aggravation, mental anguish, decreased credit score, and loss of credit opportunity.

30.     Simply put, Plaintiff found herself in a much worse financial position after enrolling in Defendant's "debt settlement" program.

<u>COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT</u>

31.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

32.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA because she is an individual that sought and obtained credit repair services.

33.     Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform  (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

**a.     Violations of CROA § 1679b(a)(3) and (a)(4)**

34.     The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from

"engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

35.     Defendant violated of §§ 1679b(a)(3) and (4) by, inter alia, (1) failing to communicate and negotiate with Plaintiff's creditors; (2) failing to provide legal and debt resolution services to the best of its ability; (3) misleading Plaintiff regarding the credit impact of Defendant's services; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

**b.      Violations of CROA § 1679b(b)**

36.     The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

37.     Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of charging a monthly fee, before such services are performed, is inherently in violation of the CROA. Defendant similarly withheld sums for services it never actually performed.

38.     As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.      A judgment in Plaintiff's favor for Defendant's violations of the aforementioned sections of CROA;

b.      An award of actual damages pursuant to 15 U.S.C. § 1679g(a)(1);

c.      An award of punitive damages pursuant to 15 U.S.C. § 1679g(a)(2)(A);

d.       An award of Plaintiff's attorney's fees and costs pursuant to 15 U.S.C. § 1679g(a)(3); and

e.       Any further relief this Honorable Court finds to be just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CREDIT SERVICES ORGANIZATION ACT

39.      Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

40.      Plaintiff is a "buyer" as defined by 815 ILCS 605/3(a) because she is an individual who sought and obtained the services of a credit services organization.

41.      Defendant is a "Credit Services Organization" as defined by 815 ILCS 605/3(d) because it is a person who, with respect to the extension of credit by others and in return for the payment of money or other valuable consideration, provides, or represents that the person can or will provide services improving a buyer's credit record, history, or rating.

**a. Violations of ICSOA – 815 ILCS 605/5(1)**

42.      The ICSOA, pursuant to 815 ILCS 605/5(1), prohibits a credit services organization from charging or receiving "any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for or on behalf of the buyer. . . ."

43.      Defendant violated the above referenced provision in much the same way it violated § 1679b(b) of the CROA discussed above.

44.      Specifically, Defendant violated 815 ILCS 605/5(1) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of charging a monthly fee, before such services are performed, is inherently in violation of the CROA.

**b. Violations of ICSOA – 815 ILCS 605/5(4)**

45.     The ICSOA, pursuant to 815 ILCS 605/5(4), prohibits a credit services organization from "[m]ak[ing[ or us[ing] any untrue or misleading representations in the offer or sale of the services of a credit services organization or engage, directly and indirectly, in any act, practice, or course of business intended to defraud or deceive a buyer in connection with the offer or sale of such services; including but not limited to: . . . the qualifications, training or experience of its personnel; or the amount of credit improvement the consumer can expect to receive as a result of the services."

46.     Defendant violated the above referenced provision by advising Plaintiff that it could resolve her dets within 18 months, and further assuring her that its services would subsequently increase her credit score. Plaintiff detrimentally relied on Defendant's instruction as she ceased payments to her creditors and her credit scores ultimately decreased as a result of Defendant's deficient services.

47.     Moreover, Defendant violated the above referenced provision by misrepresenting the nature of its services to induce Plaintiff's enrollment and subsequently misleading Plaintiff throughout the duration of such services as a means of retaining her monthly payments. Defendant failed to provide Plaintiff with the necessary assistance in resolving her outstanding debts and maintaining her creditworthiness after assuring Plaintiff it would provide the same.

48.     Defendant's misleading conduct is against public policy because it created the false impression that Defendant was handling her financial and credit records properly while the consumer believes Defendant has their best interest.

8

49. Upon information and belief, Defendant systematically engages in misleading and deceptive practices, as described herein, in an effort to maximize profits at the expense of Illinois consumers.

50. As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the ICSOA;

b. Awarding Plaintiff actual damages pursuant to 815 ILCS 605/11;

c. Awarding Plaintiff punitive pursuant to 815 ILCS 605/11;

d. Award Plaintiff's reasonable attorney's fees and costs pursuant to 815 ILCS 605/11; and,

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III–VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

51. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

52. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) respectively, because she is an individual who sought and obtained credit improvement services.

53. Defendant is a "person" as defined by 815 ILCS 505/1(c) because it is a business entity.

54. Defendant's debt settlement services are governed by the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") due to Defendant's offering and sale of its services directly and indirectly to the people of Illinois.

55.     The ICFA, pursuant to 815 ILCS 505/2, prohibits "unfair or deceptive acts and practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."

56.     Defendant violated the 815 ILCS 505/2 by, inter alia, unfairly and deceptively (1) failing to contact and negotiate with Claimant's enrolled creditors; (2) failing to provide debt resolution services to the best of its ability; (3) misrepresenting the nature of its services; (4) pocketing unearned fees; and (5) putting its financial interests ahead of Plaintiff's interests.

57.     Defendant further violated 815 ILCS 505/2 by implicitly and/or explicitly representing to Plaintiff that its services would improve Plaintiff's credit score when it knew that Plaintiff's credit score would decrease due to missed payments.

58.     Plaintiff heavily relied on all of the aforementioned false statements to her detriment.

59.     Defendant's conduct was unfair and deceptive because Defendant misled Plaintiff into trusting that Defendant would act in her best interests and resolve her debts in a timely fashion.

60.     Upon information and belief, it is Defendant's business practice to mislead consumers into believing that their debt would be promptly resolved and that their credit scores would improve.

61.     Upon information and belief, a violation of the Illinois Credit Services Organizations Act also constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

10

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in favor of Plaintiff for Defendant's violations of the ICFA.

b. An award of actual damages in the amount to be determined at evidentiary hearing;

c. An award of punitive damages in the amount to be determined at evidentiary hearing;

d. An award of Plaintiff's reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and,

e. Any further relief this Honorable Court deems just and appropriate.

## COUNT IV – VIOLATIONS OF THE ILLINOIS DEBT SETTLEMENT CONSUMER PROTECTION ACT

62. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

63. Plaintiff is a "consumer" as defined by 225 ILCS 429/10 because she is an individual who sought and obtained debt settlement services.

64. 225 ILCS 429/10 defines "debt settlement service" as offering to provide advice or service, or acting as an intermediary between or on behalf of a consumer and one or more of a consumer's creditors, where the primary purpose of the advice, service, or action is to obtain a settlement, adjustment, or satisfaction of the consumer's unsecured debt to a creditor in an amount less than the full amount of the principal amount of the debt or in an amount less than the current outstanding balance of the debt.

65. Defendant is a "debt settlement provider" as defined by 225 ILCS 429/10 because it is engaged in and holds itself out as engaging in the business of providing debt settlement service in exchange for compensation.

11

### a. Violations of 225 ILCS 429/105

66. The IDSCPA, pursuant to 225 ILCS 429/105, provides that "debt settlement providers shall not, expressly or by implication, make any unfair or deceptive representations, or any omissions of material facts, in any of its advertising or marketing communications concerning debt settlement services.

67. Defendant violated 225 ILCS 429/105 by advising Plaintiff to cease all payments to her creditors, representing that it would resolve her debts within 18 months, and further assuring Plaintiff that its services would subsequently increase her credit score.

68. Plaintiff detrimentally relied on Defendant's instruction as she ceased payments to her creditors and her credit scores ultimately decreased as a result of Defendant's deficient services.

69. Moreover, Defendant violated the above referenced provision by misrepresenting the nature of its services to induce Plaintiff's enrollment and subsequently misleading Plaintiff throughout the duration of such services as a means of retaining her monthly payments. Defendant failed to provide Plaintiff with the necessary assistance in resolving her outstanding debts and maintain quality creditworthiness after assuring Plaintiff it would provide the same.

### b. Violations of 225 ILCS 429/125

70. The IDSCPA, pursuant to 225 ILCS 429/125, outlines the nature of fees to be charged by debt settlement providers and prohibits debt settlement providers from charging fees prior to a debt being paid in full.

71. Defendant violated 225 ILCS 429/125 through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of

charging a monthly fee, before such services are performed, is inherently in violation of the IDSCPA.

c.    **Violations of 225 ILCS 429/140**

72.    The IDSCPA, pursuant to 225 ILCS 429/140, provides that "[a] debt settlement provider shall act in good faith in all matters under this Act."

73.    Defendant violated the above provision of the IDSCPA through its failure to act in good faith at all times in its relations and dealings with Plaintiff.

d.    **Violations of 225 ILCS 429/145**

74.    The IDSCPA, pursuant to 225 ILCS 429/145, outlines a number of prohibited practices on the part of debt settlement providers.

75.    225 ILCS 429/145(1) provides that a debt settlement provider shall not "[c]harge or collect from a consumer any fee not permitted by, in an amount in excess of the maximum amount permitted by, or at a time earlier than permitted by Section 125 of [the IDSCPA]."

76.    Defendant violated the above provision of the IDSCPA through the nature of its billing practices, as discussed above.

77.    225 ILCS 429/145(2) provides that a debt settlement provider shall not "[a]dvise or represent, expressly or by implication, that consumers should stop making payments to their creditors, lenders, loan servicers, or loan guarantors or government entities."

78.    Defendant violated the above provision of the IDSCPA through its explicit and implicit instructions that Plaintiff should cease making payments in connection with enrolled obligations.

79.    225 ILCS 429/145(13) provides that a debt settlement provider shall not "misrepresent any material fact, make a material omission, or make a false promise directed to one

13

or more consumers in connection with the solicitation, offering, contracting, or provision of debt settlement services." Similarly, 225 ILCS 429/145(17) provides that a debt settlement provider shall not "employ an unfair, unconscionable, or deceptive act or practice, including the knowing omission of any material information."

80. Defendant violated the above provisions of the IDSCPA in much the same way it violated the numerous provisions of the CROA outlined above.

81. As outlined above, Plaintiff was severely harmed due to Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the IDSCPA;

b. Awarding Plaintiff actual damages pursuant to 225 ILCS 429/155(b) and 815 ILCS 505/10a;

c. Awarding Plaintiff punitive damages pursuant to 225 ILCS 429/155(b) and 815 ILCS 505/10a;

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to 225 ILCS 429/155(b) and 815 ILCS 505/10a ; and,

e. Awarding any other relief this Honorable Court deems just and appropriate.

**COUNT V – FRAUD**

82. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

83. The elements of fraud are: (1) a false statement of material fact (2) which was untrue; (3) made with knowledge of its falsity or made recklessly without caring whether it was

true or false; (4) made with the intent to defraud and to induce another to act upon it; and (5) the plaintiff believed the statement to be true and relied on it to his/her detriment.

84. Defendant committed fraud by falsely representing to Plaintiff that (1) it would resolve her debts to the best of its ability and (2) improve her credit scores, reports, and /or history.

85. Defendant knew that its debt resolution program cannot possibly improve Plaintiff's credit score as it requires Plaintiff to stop making payments to her creditors, which will in turn decrease Plaintiff's credit score.

86. Defendant made these misrepresentations to Plaintiff in order to induce her to enroll in its debt resolution program.

87. Plaintiff detrimentally relied on the representations by enrolling in Defendant's debt resolution/credit improvement program and making payments into the program.

88. As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. A judgment in Plaintiff's favor for fraud;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial;

c. Awarding Plaintiff her reasonable attorney's fees and costs; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT VI – NEGLIGENT MISREPRESENTATION

89. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

90.     The tort of negligent misrepresentation the following elements: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act;  (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information. *Board of Education v. A, C & S, Inc.*, 131 Ill. 2d 428, 546 N.E.2d 580 (1989).

91.     Defendant made negligent misrepresentations through its conduct in promising Plaintiffs that it would (1) communicate and negotiate with Plaintiff's enrolled creditors, (2) resolve Plaintiff's enrolled debts to the best of its abilities, and (2) improve Plaintiff's credit scores, reports, and/or history.

92.     Further, Defendant implicitly and/or explicitly represented to Plaintiff that its services would improve Plaintiff's credit score even when it knew that Plaintiff's credit score would decrease due to missed payments to induce Plaintiff to pay for Defendant's services.

93.     Plaintiff heavily relied on all of the aforementioned false statements to their detriment.

94.     As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

e.      A judgment in Plaintiff's favor for negligent misrepresentation;

f.      Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial;

g.      Awarding Plaintiff reasonable attorney's fees and costs; and

h. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT VII – LEGAL MALPRACTICE**

95. Plaintiffs repeat and reallege all preceding paragraphs as though fully set forth herein.

96. In Illinois, to establish a cause of action for legal malpractice based on negligence, a plaintiff must prove the following elements: (1) an attorney-client relationship, (2) duty rising from the relationship, (3) breach of that duty, (4) proximate cause, (5) damages." *Claire Associates v. Pontikes*, 151 Ill. App. 3d 116, 502 N.E.2d 1186 (1st Dist. 1986).

97. Plaintiff and Defendant entered into an attorney-client relationship on May 29, 2024 upon Plaintiff executing a Client Retainer Agreement with Defendant in which Defendant agreed to provide legal representation and debt resolution services to Plaintiff.

98. Defendant owed a professional duty to Plaintiff as a result of this contractual relationship, specifically to resolve Plaintiff's debts, communicate and negotiate with Plaintiff's creditors, communicate with creditors and credit bureaus to invalidate debts, investigate Plaintiff's delinquent accounts to determine the most effective method for invalidating debts or otherwise removing legal liability for such debts and provide other legal services.

99. The professional duty requires the attorney to exercise that degree of care, skill, and judgment which is usually exercised under like or similar circumstances by lawyers licensed to practice in this state.

100. Defendant breached its duties as set forth in the Client Retainer Agreement by, inter alia, (1) failing to resolve Plaintiff's debt to the best of its ability, (2) misrepresenting that its services would improve Plaintiff's credit score, (3) misrepresenting the nature and duration of its services, and (4) failing to investigate Plaintiff's debts.

101. As set forth above, Plaintiff suffered damages as a result of Defendant's legal malpractice.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. A judgment in favor of Plaintiff for legal malpractice;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages; and,

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT VIII – BREACH OF CONTRACT

102. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

103. The contract for legal services between Plaintiff and Defendant is a valid and enforceable contract.

104. The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

105. Defendant breached its contract with Plaintiff by, inter alia, (1) failing to investigate Plaintiff's debts; (2) failing to provide legal and debt resolution services to the best of its ability; (3) pocketing unearned fees and fees not authorized by the contract; and (4) putting its financial interests ahead of Plaintiff's interests.

106. As set forth above, Plaintiff suffered damages as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.    Declaring that Defendant breached the underlying contract;

b.    Awarding Plaintiff actual damages;

c.    Awarding Plaintiff punitive damages; and,

d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IX – BREACH OF FIDUCIARY DUTY

107.    Plaintiff repeats and realleges all previous paragraphs as though fully set forth herein.

108.    Defendant owed Plaintiff a fiduciary duty arising out of the nature of this relationship.

109.    Defendant owed Plaintiff a fiduciary duty because Plaintiff reposed a special confidence in Defendant and Defendant was bound to act in good faith and with due regard of Plaintiff.

110.    Specifically, Plaintiff entrusted Defendant with her money and to use her money in a responsible manner to settle her debts.

111.    Defendant breached its fiduciary duty to Plaintiff by, inter alia, (1) failing to cntact and negotiate with Plaintiff's creditors; (2) failing to provide legal and debt resolution services to the best of its ability; (3) pocketing unearned fees and fees not authorized by the contract; and (4) putting its financial interests ahead of Plaintiff's interests.

112.    As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.        A judgment in Plaintiff's favor for breach of fiduciary duty;

b.        Awarding Plaintiff actual damages;

c.        Award Plaintiff punitive damages;

d.        Award Plaintiff reasonable attorney's fees and costs;

e.        Awarding any other relief as this Honorable Court deems just and appropriate

Dated: February 12, 2026

Respectfully submitted,

*/s/ Maxwell W. Brooks*
Maxwell W. Brooks, Esq.
Counsel for Claimant
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 568-5965
mbrooks@sulaimanlaw.com

20