**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARILYN BENJAMIN<br><br>Plaintiff,<br><br>v.<br><br>DEBT FREEDOM ATTORNEYS, PLLC,<br><br>Defendant. | No. 25 C 7845<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Marilyn Benjamin alleges that the law firm Debt Freedom Attorneys, PLLC ("DFA"), fraudulently induced her to sign a legal services contract in violation of Illinois law and the federal Credit Repair Organizations Act. DFA has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is denied in part and granted in part.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

**Background**

DFA is a law firm. Benjamin contacted DFA for assistance in resolving her consumer debt. She alleges that DFA's "agent represented to [her] that [DFA] would be able to (1) resolve [her] financial obligations within eighteen months by negotiating with [her] creditors and the credit bureaus; and (2) improve [her] credit scores, history, and/or reports." R. 29 at 2 (¶ 9). Benjamin alleges further that she was told that "all she would need to do is stop making payments to creditors and instead make monthly payments to [DFA] over a certain period of time and that [DFA] would utilize the payments to resolve [Benjamin's] enrolled debts using [DFA's] best efforts." *Id.* at 2-3 (¶ 10).

On May 29, 2024, Benjamin signed a "legal services agreement" with DFA requiring her to pay DFA $252.94 per month. *Id.* at 3-4 (¶¶ 11, 21). Benjamin alleges

that despite making regular payments to DFA, her credit score decreased and her creditors continued "hounding her for payments." *Id.* at 4 (¶¶ 24, 27).

Benjamin's complaint includes the following nine counts:

- Count I brings a claim under the federal Credit Repair Organizations Act;
- Count II brings a claim under the Illinois Credit Services Organization Act;
- Count III brings a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act;
- Count IV brings a claim under the Illinois Debt Settlement Consumer Protection Act;
- Count V brings a claim for fraud under Illinois law;
- Count VI brings a claim for negligent misrepresentation under Illinois law;
- Count VII brings a claim for legal malpractice under Illinois law;
- Count VIII brings a claim for breach of contract under Illinois law; and
- Count IX brings a claim for breach of fiduciary duty under Illinois law.

**Analysis**

The heart of DFA's argument for dismissal is that Benjamin has failed to allege how DFA violated their legal services agreement. According to DFA, the express provisions of the contract show that DFA never made any of the promises Benjamin alleges, and so her allegations of fraud, misrepresentation, and breach of contract are not plausible. And, according to DFA, without a plausible allegation of any such

broken promises, Benjamin also cannot state a claim for legal malpractice, breach of fiduciary duty, or violation of any of the state or federal consumer protection statutes prohibiting misrepresentation and fraud that Benjamin has cited in her complaint.

DFA's argument, however, ignores the fact that Benjamin's relationship with DFA is an attorney-client relationship. Any claim she brings must be assessed in light of that fundamental relationship. As the Seventh Circuit has explained, "Illinois courts have decided that malpractice includes *all* claims based on a lawyer's actions and statements in the creation of the attorney-client relationship." *Fortier v. Terani L. Firm*, 732 F. App'x 467, 469 (7th Cir. 2018) (citing *Kennedy v. Grimsley*, 837 N.E.2d 131, 134 (Ill. App. Ct. 3d Dist. 2005)) (emphasis added). And when a common law claim is "supported by the same operative facts and result in the same injury" allegedly caused by the malpractice claim, the common law claim "is duplicative of the malpractice claim and should be dismissed." *Millennium Airship, Inc. v. Tarpey Wix, LLC*, 2026 WL 2622448, at *6 (N.D. Ill. Sept. 4, 2026) (citing *Pippen v. Pedersen & Houpt*, 986 N.E.2d 697, 704 (Ill. App. Ct. 1st Dist. 2013)).

## I. Illinois Common Law Claims

The core of Benjamin's complaint are her allegations that an "agent" of DFA fraudulently induced her to sign a legal services agreement with DFA by falsely promising that DFA would be able to "resolve" her debts and improve her credit score, if she stopped paying her creditors and paid DFA a monthly fee. Because DFA is a law firm, and the alleged misrepresentations caused Benjamin to sign a legal services agreement, all of Benjamin's common law claims—for (1) fraud; (2) negligent

misrepresentation; (3) breach of fiduciary duty; and (4) breach of contract—must be characterized as a single claim for legal malpractice. *See Wyatt v. Sanan*, 2008 WL 4542982, at *3 (N.D. Ill. Apr. 22, 2008) (citing *Kennedy*, 837 N.E.2d at 133) (dismissing fraudulent inducement claim as duplicative of legal malpractice claim); *Millennium Airship, Inc. v. Tarpey Wix, LLC*, 2026 WL 2622448, at *6 (N.D. Ill. Sept. 4, 2026) (citing *Pippen v. Pedersen & Houpt*, 986 N.E.2d 697, 704 (Ill. App. Ct. 1st Dist. 2013) (same for breach of fiduciary claim); *Nettleton v. Stogsdill*, 899 N.E.2d 1252, 1268 (Ill. App. Ct. 2d Dist. 2008) (same for breach of contract). As a result, her separate common law claims are dismissed.

## II. Legal Malpractice

The express legal malpractice count in Benjamin's complaint mentions only breach of contract, and does not reference her allegations of fraudulent inducement, negligent misrepresentation, or breach of fiduciary duty. This, however, does not prevent the Court from construing Benjamin's fraud, misrepresentation, and breach of fiduciary duty allegations as pleading an alternative claim for legal malpractice "couched in tort." Illinois law permits a claim for legal malpractice to be "couched in either contract or tort and . . . recovery may be sought in the alternative." *Shaffer v. Respect, Inc.*, 1999 WL 281345, at *3 (N.D. Ill. Mar. 30, 1999) (citing *Collins v. Reynard,* 607 N.E.2d 1185, 1186 (Ill. 1992)).

### A. Malpractice Couched in Contract

The problem with Benjamin's legal malpractice claim couched in contract, however, is that her complaint does not identify any particular manner in which

DFA's representation fell below a reasonable standard of care, as is required for a legal malpractice claim. *See Grayson v. Michael J. Korst, P.C.*, 2018 WL 1378175, at *5 (N.D. Ill. Mar. 16, 2018) ("A plaintiff in a legal malpractice case must establish that the defendant attorney failed to exercise a reasonable degree of care or skill."). Rather, Benjamin alleges that DFA breached the legal services agreement by doing the following: "(1) failing to investigate [Benjamin's] debts; (2) failing to provide legal and debt resolution services to the best of its ability; (3) pocketing unearned fees and fees not authorized by the contract; and (4) putting its financial interests ahead of Plaintiff's interests." R. 29 at 18. Failing to investigate and failing to provide "services to the best of its ability," are claims that DFA's representation fell below a reasonable standard. But Benjamin does not allege any detail that would make these claims plausible. She does not explain why she believes that DFA's representation was below standard, except for her allegation that the results of the representation were not what she expected.

The mere allegation of lack of success alone, however, is an insufficient basis to plausibly allege malpractice. *See Goldstein v. Lustig*, 507 N.E.2d 164, 169-70 (Ill. 1987) ("Illinois adheres to the rule that an attorney is not liable to his client for errors in judgment, but only for failing to exercise a reasonable degree of care and skill, notwithstanding that the exercise of that judgment may have led to an unfavorable result for the client."). In a malpractice claim, the lack of success is presumed, because presumably, if the representation had been successful, the plaintiff would not have filed a malpractice claim. To bring a plausible legal malpractice claim, a plaintiff

must allege the manner in which the attorney breached their duty to provide a reasonable standard of care. Benjamin's failure to allege the manner in which DFA's representation was unreasonable means that her legal malpractice claim couched in contract cannot proceed.

**B. Malpractice Couched in Tort**

As discussed, Benjamin's malpractice claim couched in tort is based on her allegations that DFA made misrepresentations that fraudulently induced her to sign the legal service agreement. DFA argues that this claim must fail because the express provisions of the contract undermine Benjamin's reasonable reliance on the prior oral representations. The support for this argument comes from case law holding that claims for common law fraud and negligent misrepresentation both require a plausible allegation that the plaintiff reasonably relied on the alleged misstatement or fraudulent act. *See Hoseman v. Weinschneider*, 322 F.3d 468, 476 (7th Cir. 2003) (fraud); *Indeck Power Equip. Co. v. Ashley Energy, LLC*, 2024 WL 1116114, at *2 (N.D. Ill. Mar. 14, 2024) (fraud); *Prashanth Reddy Dynasty Tr. v. McDonough*, No. 25 CV 14128, 2026 WL 1855690, at *4 (N.D. Ill. June 29, 2026) (negligent misrepresentation).[1]

Even if DFA is correct that the express provisions of the legal services agreement are a basis to demonstrate that Benjamin could not have reasonably relied

[1] The Court acknowledges that DFA made this argument with respect to Benjamin's common law fraud and negligent misrepresentation claims, and not with respect to Benjamin's legal malpractice claim. But the Court will nevertheless explain why that argument is insufficient to dismiss Benjamin's malpractice claim that is based on the same alleged misrepresentations.

on prior contrary oral misrepresentations, such reasonable reliance is not necessary to state a legal malpractice claim based on misrepresentations made prior to signing a legal services agreement. This is because attorneys and clients are in a fiduciary relationship. And once a fiduciary relationship is established, the fiduciary owes "duties of candor, rectitude, care, loyalty, and good faith." *Hassebrock v. Bernhoft*, 815 F.3d 334, 343 (7th Cir. 2016). With that duty established, allegations "that the defendants were unfaithful to the plaintiffs, that they were dishonest, that they acted in bad faith, that they had a conflict of interest, or that they engaged in self-dealing," are sufficient to plausibly allege a fiduciary breach—and by extension breach of an attorney's standard of care—without the need to establish reasonable reliance on that conduct. *See Metrick v. Chatz*, 639 N.E.2d 198, 203 (Ill. App. Ct. 1st Dist. 1994). This is because the nature of the relationship itself is sufficient to establish liability for dishonestly or lack of candor. For this reason, Illinois courts have held that fiduciaries are barred from using a contractual disclaimer to defend against allegations of fraud or misrepresentation. *See Khan v. BDO Seidman, LLP*, 948 N.E.2d 132, 154 (Ill. App. Ct. 4th Dist. 2011) ("If a fiduciary relationship already exists, the fiduciary must disclose all material facts before diving through the escape hatch of a contractual disclaimer."). Thus, any contradiction that exists between the terms of the legal services agreement and the prior oral misrepresentations alleged by Benjamin is not a basis to dismiss her legal malpractice claim based on the misrepresentations.

## V. Statutory Claims

Benjamin also claims that the oral misrepresentations allegedly made by DFA's agent constitute violations of four state and federal statutes: (1) the Illinois Consumer Fraud and Deceptive Business Practices Act (Count III); (2) the Illinois Credit Services Organization Act (Count II); (3) the Illinois Debt Settlement Consumer Protection Act (Count IV); and (4) the federal Credit Repair Organizations Act (Count I). All of these statutes prohibit misrepresentations or fraud in the course of the relationship between certain businesses and consumers.

### A. Illinois Consumer Fraud and Deceptive Business Practices Act

As discussed, DFA argues that these claims should be dismissed because Benjamin cannot demonstrate reasonable reliance on the prior oral representations in the face of the express provisions of the legal services agreement. However, unlike claims of common law fraud or negligent misrepresentation, "it is *not* necessary to prove actual reliance on the deception" for a plaintiff to succeed on a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). *See Thacker v. Menard, Inc.*, 105 F.3d 382, 386 (7th Cir. 1997) (emphasis added). Rather, all that is required is that the plaintiff allege "an intent by the defendant that the plaintiff rely on the deception." *Id.* Benjamin generally alleges such intent by DFA, which is sufficient to state a claim.

To the extent DFA is correct that "[m]any of the allegations of deceptive acts are also plainly contradicted by the terms of the contract," R. 33 at 8, reliance is not an element of a claim under the ICFA. And to the extent DFA argues that the contract

provisions demonstrate the falsity of Benjamin's allegations that DFA made the alleged oral promises, it is improper for the Court to make such findings regarding the truth of Benjamin's allegations at this stage of the proceedings where only plausibility is at issue.

Aside from the contract provisions, DFA does not challenge the plausibility of Benjamin's allegations that DFA's agent made oral misrepresentations to her. Those misrepresentations are the actions that are prohibited by, and create liability under, the Illinois Consumer Fraud and Deceptive Business Practices Act. No showing of reliance is required.

DFA also argues generally that Benjamin's claims sound in fraud and cannot meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). It is true that the ICFA is subject to the Rule 9 pleading standard of "particularity." *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (pleading with "particularity" means to "specifically allege the 'who, what, when, where, and how of the fraud'). However, Benjamin's allegations meet this standard. She alleges the specific content of the misrepresentations and that they were made by an agent of DFA prior to her signing the legal services agreement. While she does not allege the agent's identity or the specific date of the misrepresentations, information regarding DFA's communications with Benjamin should be within DFA's possession. The circumstances Benjamin has alleged are sufficient for DFA to proceed in discovery and investigate whether Benjamin's allegations of misrepresentations are true.

### B. The Illinois Credit Services Organization Act; The Illinois Debt Settlement Consumer Protection Act; and The federal Credit Repair Organizations Act

DFA's argument for dismissal of the three other statutory claims parallel its argument for dismissal of the ICFA. As discussed, the Seventh Circuit expressly explained in *Thacker v. Menard* that proof of reliance is not necessary to show liability under the Illinois Consumer Fraud and Deceptive Business Practices Act. *See Thacker*, 105 F.3d at 386. The Court has not identified similarly apposite authority regarding the need to prove reliance under the Illinois Credit Services Organization Act; the Illinois Debt Settlement Consumer Protection Act; or the federal Credit Repair Organizations Act.

However, like the ICFA, the three other statutes also regulate commercial entities and prohibit misrepresentations or fraudulent conduct in the course of business with consumers. *See* 225 ILCS 429/105(b); 815 ILCS 605/5(3), (4); 15 U.S.C. § 1679a(3), (4). All four statutes are written using similar language that prohibits misrepresentation in commercial business *per se*, without reference to the consumer's reliance on those statements. For these reasons, the Court will extend the Seventh Circuit's instruction in *Thacker* that proof of reliance is not required under the ICFA, and find that reliance is also not required under the other three similar statutes. So, for the same reason that the contractual language was an insufficient basis to dismiss

Benjamin's ICFA claim, the Court also finds it insufficient to dismiss her claims under the other three statutes.

Notably, a district court in Alabama found that a plaintiff was not required to prove reliance to establish liability under subsection 1679b(a)(3) of the federal Credit Repair Organizations Act, but nevertheless found that reliance *is* a required element under subsection 1679b(a)(4) of that statute. *See Helms v. Consumerinfo.com, Inc.,* 436 F. Supp. 2d 1220, 1235-36 (N.D. Ala.2005). The court in *Helms* reasoned that because subsection (3) prohibited only "misleading representations," whereas subsection (4) prohibited "fraud," the two subsections were "meant to target different behavior." *Id.* at 1236. The court found that this difference should be reflected in a requirement that the plaintiff show "reliance" in order to prove a claim of "fraud" under subsection (4). *See id.* ("[T]he court holds that § 1679b(a)(4), consistent with the requirements of fraud, requires a showing of reliance and actual damages.").

Regardless, the *Helms* decision is an out-of-circuit, district court decision that is not binding on this Court, and which the parties have not briefed. In light of the fact that the Court is denying the motion to dismiss Benjamin's claim under subsection (3), the Court will also allow the claim under subsection (4) to proceed. Discovery will be the same either way, and it will permit the parties to brief the issue on summary judgment, should it be necessary.

## Conclusion

Therefore, DFA's motion to dismiss [33] is denied in part and granted in part. It is denied in that Benjamin's legal malpractice claim and statutory claims (Counts

I, II, III, IV, and VII) will proceed. It is granted in that her other common law claims (Counts V, VI, VIII, and IX) are dismissed.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: October 16, 2026